WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Room 1006
New York, New York 10014
Telephone: (212) 510−0500
By: Greg M. Zipes
Trial Attorney

**HEARING DATE: July 1, 2014**
**HEARING TIME: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

\-----------------------------------------------------------x
:  Case No. 13-10419 (SHL)
In re                                           :
:  (Chapter 11)
CHINA NATURAL GAS, INC.,                        :
:
Debtor.                       :
:
\-----------------------------------------------------------x

  PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Greg M. Zipes, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Sean H. Lane, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on **July 1, 2014 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order converting the case to one under Chapter 7 of the Bankruptcy Code or dismissing this Chapter 11 case, and for such other and further relief as this Court may deem just and proper.  The original application is on file with the Clerk of the Bankruptcy Court.

  PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 201 Varick Street, Room 1006, New York, New York  10014, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the

response, and the basis for such response.

Dated: New York, New York
       June 5, 2014

                                     WILLIAM K. HARRINGTON
                                     UNITED STATES TRUSTEE

                       By:   /s/ *Greg M. Zipes*
                            Greg M. Zipes
                            Trial Attorney
                            201 Varick Street, Room 1006
                            New York, New York   10014
                            Tel. No. (212) 510-0500
                            Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                  :   Case No. 13-10419 (SHL)
In re                                    :
                                                  :   (Chapter 11)
CHINA NATURAL GAS, INC.,        :
                                                  :
                     Debtor.    :
                                                  :
-----------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO CONVERT THIS CASE TO ONE
UNDER CHAPTER 7 OF THE BANKRUPTCY CODE OR
<u>DISMISS THIS CHAPTER 11 CASE</u>**

TO THE HONORABLE SEAN H. LANE, UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), for an order converting the case of China Natural Gas, Inc. ("CNG" or the "Debtor") to one under Chapter 7 of the Bankruptcy Code or dismissing the Chapter 11 case.

## INTRODUCTION

The Debtor consented to an order for relief nearly one year ago. During that time, the Debtor has made little progress in reorganizing its affairs. It has failed to find a purchaser for its assets and has failed to file a plan. More fundamentally, the Debtor has failed to adequately disclose its assets and liabilities to the Court. The Debtor is part of a larger corporate group with significant assets and income, but the Debtor shows no income in its monthly operating reports and has failed to value its interests in related entities. Because the Debtor is incurring administrative expenses and appears to be unable to confirm a plan, the Court should convert the case to one under Chapter 7 of the Bankruptcy Code or dismiss the case.

**FACTS**

1.      CNG is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Xi'an, People's Republic of China (the "PRC"). See Zipes Decl. Ex. A (Local Rule Affidavit) at ¶ 2.   The Debtor subsidiary, Shanxi Xilan Natural Gas Equipment Co., Ltd., is party to certain agreements with entities that distribute, through subsidiaries, compressed natural gas and provide other services in the PRC.   Id. at ¶ 14.

2.      On February 8, 2013 (the "Filing Date"), three alleged creditors filed an involuntary chapter 11 petition against CNG under 11 U.S.C. § 303.   Id. at ¶ 3.

3.      On June 26, 2013, CNG filed its Consent to Entry of an Order for Relief and thereafter, on July 9, 2013, the Court entered an Order for Relief.   Id. at ¶ 4.

4.      On September 11, 2013, the Debtor filed schedules of assets and liabilities (the "Schedules") and a Statement of Financial Affairs ("SOFA").   The Schedules listed an "undetermined" value for the Debtor's 100% interest in two subsidiaries (Schedule B, Qu. 13) and an "undetermined" value for "Intercompany Receivables" (Schedule B, Qu. 13).   See Zipes Decl. Ex. B.

5.      The Schedules also list approximately $64 million in unsecured debt, including an aggregate of $60 million owed to Abax Na Xin A Ltd. and Abax Lotus Ltd. (the "Abax Entities"). Id. (Schedule F).   The Abax Entities were among the creditors who filed the involuntary petition. See Zipes Decl. Ex. A at ¶ 3.

6.      The Debtor filed "Global Notes" in connection with the Schedules.   See Zipes Decl. Ex. C.   In those Global Notes, the Debtor's CRO stated that he "has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules. . ." Id.   The Debtor has not filed amended Schedules.   See Docket.

2

**The Appointment of a CRO and Ernst & Young
(China) Advisory Limited To Market the Debtor**

7. On February 4, 2014, the Debtor filed an application to retain Ernst & Young China Limited ("EY China"). See Zipes Decl. Ex. D. EY China was hired to assist in the preparation of marketing materials and generally assist with the sale of the Debtor's assets. Id. at ¶ 11. By order dated February 28, 2014, the Court approved the retention of EY China. Dkt. No. 124.

8. At a hearing on February 25, 2014, counsel for the Debtor stated:

> [T]he objective would be that E&Y would be formally retained, and E&Y will take the next steps to follow up with each of the interested parties and then assemble and complete its data room . . .Within thirty days have, perhaps, indentified [sic], for example, the leading runner on the bids for interest, either investment or sale or otherwise. And that, of course, would mean that in this thirty-day period we would have had working group calls. Abax would have been kept abreast and would be informed about who they are, in fact, and maybe even met with them. In addition to that, once that party was identified, assuming that we're at the stage, now, where an agreement would begin to take form and documents would have to be drafted. . . . .

See Zipes Decl. Ex. E (Tr. Second Exclusivity Hr'g) at 22:5-23:2.

9. This self-imposed deadline was not met. On May 20, 2014, the Debtor informed the United States Trustee that the Debtor had no purchaser for the assets of the Debtor. See Zipes Decl. at ¶ 7.

**The Operating Report for the Period of July 2013 through March 31, 2014**

10. On April 22, 2014, the Debtor filed an operating report for the period of July 2013 through March 2014 (the "Operating Report"). See Zipes Decl. Ex. F. The Debtor listed no cash at any time during the period covered by the Operating Report. Id. (Schedule of Cash Receipts and Disbursements). The Debtor also listed significant assets as "Undetermined", including investments in subsidiaries Xilan Energy Co., Ltd and Shanxi Xilan Natural Gas Equipment Co., Ltd. Id. (Balance Sheets). The Debtor further listed secured debts, unsecured debt, payables to

3

affiliates and other liabilities as "Undetermined." Id. The Debtor has showed no revenue for July 2013 through March 2014, a period of nine months, and expenses of $768 for the entire time period. Id. (monthly income statement).

## ARGUMENT

### A. Conversion or Dismissal Is Appropriate Under 11 U.S.C. § 1112(b)(4)(A)

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] . . ., whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Here, cause exists under the following provision: "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation . . ." See 11 U.S.C. § 1112(b)(4)(A).

A party seeking to demonstrate cause under section 1112(b)(4)(A) must establish both the "substantial or continuing loss" prong as well as the "absence of reasonable likelihood of rehabilitation" prong. In re BH S & B Holdings, LLC, 439 B.R. 342 (Bankr. S.D.N.Y. 2010). Courts can consider the administrative expenses incurred by the estate while in Chapter 11 when determining whether there has been a substantial or continuing loss. Loop Corp v. U.S. Tr., 290 B.R. 108, 113 (D. Minn. 2003) aff'd, 379 F.3d 511 (8th Cir. 2004). Additionally, "[i]n determining whether there is a continuing loss to or diminution of the estate, courts must look beyond a debtor's financial statements and make a full evaluation of the present condition of the estate." In re Moore Constr., Inc., 206 B.R. 436, 437-38 (Bankr. D. Minn. 1984).

Here, there is a substantial and continuing loss. The Debtor has in fact showed no revenue for July 2013 through March 2014, a period of nine months. See Zipes Decl. Ex. B (Income

4

Statement).   The Debtor listed no cash at any time during the period covered by the Operating Report.  Id. (Schedule of Cash Receipts and Disbursements).   The Debtor is wholly dependent on third party affiliates or shareholders for funding to pay its administrative expenses in connection with this bankruptcy case.   Id. (Schedule of Professional Fees and Expenses Paid) at n. 1.

As to the second prong, "[t]he issue of rehabilitation for purposes of § 1112(b)(4)(A) 'is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.'" In re LG Motors, Inc., 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009) (citations omitted).   "[R]ehabilitation does not necessarily denote reorganization, which could involve liquidation.   Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis.'"  In re Westgate Props., 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010) (quoting In re V Cos., 274 B.R. 721, 725 (Bankr. N.D. Ohio 2002).

The Debtor has no purchaser and apparently no ability to sell its assets.  See Zipes Decl. at ¶ 7.  This is in spite of the Debtor's retention of E&Y to market the Debtor's assets.  See Zipes Decl. Ex. E (Tr. Second Exclusivity Hr'g) at 22:5-23:2.   In this regard, the Debtor's failure to value its own assets renders it less marketable.  As stated, the Debtor listed significant assets as "undetermined", including investments in subsidiaries Xilan Energy Co., Ltd and Shanxi Xilan Natural Gas Equipment Co., Ltd.   See Zipes Decl. Ex. B (Schedule B, Qu. 13); Zipes Decl. Ex. F (monthly operating report balance sheet).   The Debtor also listed secured debts, unsecured debt, payables to affiliates and other liabilities as "undetermined."  Id. (monthly balance sheet).   In fact, one year after the Order for Relief, there is no plan on file.  See Docket.  The Debtor therefore has no ability to rehabilitate its affairs.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an

5

order converting this case to one under Chapter 7 of the Bankruptcy Code or dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      June 5, 2014

                                    Respectfully submitted,

                                    WILLIAM K. HARRINGTON
                                    UNITED STATES TRUSTEE

                       By:    /s/ Greg M. Zipes
                                    Greg M. Zipes
                                    Trial Attorney
                                    201 Varick Street, Room 1006
                                    New York, New York 10014
                                    Tel. No. (212) 510-0500