Presentment Date:  February 25, 2019 at 12:00 p.m.
Objections Due:  February 18, 2019 at 5:00 p.m.
Hearing on objections, if any: TBA

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000
Attorney Appearing:   Leslie S. Barr (lbarr@windelsmarx.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

CHINA NATURAL GAS, INC.,

                                        Debtor.
--------------------------------------------------------x

Chapter 7

Case No. 13-10419 (SHL)

**TRUSTEE'S MOTION FOR PROPOSED ORDER APPROVING FIFTH AMENDMENT
TO ASSET PURCHASE AGREEMENT FOR THE SALE OF THE ESTATE'S 100%
EQUITY INTEREST IN SHAANXI XILAN NATURAL GAS EQUIPMENT CO., LTD.**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "**Trustee**"), as trustee for the chapter 7 estate of China Natural Gas,

Inc. (the "**Debtor**"), by his attorneys, Windels Marx Lane & Mittendorf, LLP ("**Windels**

**Marx**"), respectfully submits this motion (the "**Motion**") for the entry of a proposed order

approving the Fifth Amendment in the form attached as **Exhibit "A"** (the "**Fifth Amendment**")

to the Asset Purchase Agreement dated as of October 14, 2014 (the "**APA**") and approved by

Order of this Court dated December 18, 2014, between the Trustee on the one hand, and on the

other hand, Abax Nai Xin A Ltd. ("**Abax Nai Xin**") and Abax Lotus Ltd. ("**Abax Lotus**" and

together with Abax Nai Xin, "**Abax**") for the sale of 100% of the equity interests (the "**Equity**

**Interest**") of the Debtor's estate in Shaanxi Xilan Natural Gas Equipment Co., Ltd. ("**Shaanxi**"),

a Chinese limited liability company organized as a wholly foreign-owned enterprise.  In support,

the Trustee sets forth as follows:

## I.    Trustee's Request for Relief.

1.    By this Motion, the Trustee seeks the entry of an Order approving the Fifth Amendment to the APA for the sale of the Debtor's Equity Interest to Abax.  The Fifth Amendment revises the APA by:

(a) acknowledging the total amount of the Debtor's indebtedness to Abax is $66,277,235, based on the proofs of claim filed by Abax[1], rather than the amount of $57,435,558.97 set forth in the APA recital;

(b) apportioning the $53 million Forgiveness of Debt element of the Purchase Consideration between the two Abax entities for their purchase of the Equity Interest. Specifically, the Fifth Amendment reduces the total aggregate amount of the outstanding obligations owed by the Debtor under the Senior Notes and the Senior Warrants to (i) Abax Nai Xin by the amount of $31,566,410 (of which $31,516,296.75 is with respect to the Senior Notes and $50,113.25 is with respect to the Senior Warrants); and (ii) Abax Lotus by the amount of $21,433,590.00; and

(c) clarifying that the closing deadline for the sale is 11:59 p.m. Eastern Standard Time on December 31, 2019, to ensure that a closing may occur through to the end of the year.

2.    Abax requested that these revisions be made to assist its ability to obtain the requisite Chinese governmental approvals required by the APA to close the sale, as described below.  The Trustee believes that these changes will enhance the likelihood that the sale can be

---

[1] Abax filed Claims 6, 7, 8, 9, and 10 based on Warrants and Notes they hold issued by the Debtor (the "**Abax Claims**").  Pursuant to the Abax Claims, (a) Abax Nai Xin is owed a total of $44,843,645, comprised of $13,327,348 for Warrants and $31,516,297 for Notes, and (b) Abax Lotus is owed a total of $21,433,590, comprised of $8,841,676 for Notes, $3,750,238 for Warrants, and $8,841,676 for Notes.

closed and the estate will receive the remaining unpaid cash portion of the purchase price without affecting its rights under the APA. The Trustee respectfully refers the Court and parties to the Fifth Amendment attached as Exhibit "A" for its full terms and conditions.

## II.    Jurisdiction; Venue; Statutory Bases for Relief Requested.

3.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C § 157(b). Venue of this case and proceeding is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409. The relief sought in this Motion is based upon sections 105(a), 502(b), and 704(a) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Local Bankruptcy Rule 9006-1(b).

## III.    Background.

4.    On February 8, 2013 (the "**Petition Date**"), Abax, together with Lake Street Funds LP, filed an involuntary petition for relief against the Debtor under chapter 11 of the Bankruptcy Code. On or about June 26, 2013, the Debtor consented to the entry of an order for relief, and the Court entered an order for relief on July 9, 2013. From June 26, 2013 through July 2, 2014, the Debtor operated as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5.    On July 2, 2014, the Bankruptcy Court granted the motion of the United States Trustee and entered an order converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code (ECF Doc. No. 144). On July 3, 2014, Alan Nisselson was appointed the interim trustee of the Debtor's estate, and thereafter qualified and is serving as the permanent Trustee.

#### IV.    The Debtor's Business and Assets.

6.    Upon information and belief, the Debtor is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Xi'an, People's Republic of China ("**PRC**").  The Debtor maintains its books and records at its PRC offices.  Its assets consist of 100% of the outstanding equity security interests in two subsidiaries: Shaanxi and Xilan Energy Co., Ltd.  Shaanxi is party to certain variable interest entity agreements with Xi'an Xilan Natural Gas Co., Ltd. (the "**VIE**"), which through subsidiaries, distributes compressed natural gas through filling stations owned by the VIE, and installs natural gas pipelines for residential and commercial customers in the PRC.  The Debtor's CEO and Chairman of the Board of Directors is Shuwen Kang.

7.    On October 16, 2014, the Trustee filed and served a motion for an order, *inter alia*, authorizing him to enter into the APA, subject to higher or better offers.  (Doc. 162).

8.    On November 21, 2014, the Court entered a Sale Procedures Order that, *inter alia*, authorized the Trustee to enter into the APA, approved bidding procedures and bid protections for a related auction sale of the Equity Interest, and granted related relief. (Doc. 169).

9.    On December 18, 2014, the Court entered an Order approving the Trustee's sale of the Equity Interest to Abax pursuant to the APA (the "**Sale Approval Order**").  (Doc. 175). The APA provides for the purchase consideration for the sale in the amount of $250,000.00 (the "**Cash Payment**"), plus additional consideration in the form of Abax's agreement to reduce the total aggregate amount of the outstanding obligations owed to them by the Debtor by the amount of $53,000,000.00 (the "**Forgiveness of Debt**" and, together with the Cash Payment, the "**Purchase Consideration**").  Abax has already paid to the Trustee the amount of $125,000.00 of the Cash Payment as a Good Faith Deposit under the APA.  Accordingly, the estate will

receive an additional $125,000.00 at a closing of the sale.

10.     Since the Parties anticipated that it could take a year or more to consummate the sale, the APA required the closing to occur within one year after the entry of a Sale Approval Order, or longer as the parties may agree in writing.  The Trustee and Abax have entered into four amendments to the APA, the latest extending the closing deadline to December 31, 2019.

11.     A condition precedent to closing the sale of the Equity Interest is to obtain all requisite government consents and approvals, including any necessary approvals or consents with respect to the transfer of ownership in the PRC.  Abax must obtain court approval in the PRC to receive a transfer of the Equity Interest, and the court proceedings in the PRC have been contested and prolonged.  Accordingly, the Trustee and Abax have extended the closing deadline as described above.

12.     Both Abax Lotus and Abax Nai Xin are investment entities that are 100% owned by a special situations fund named Abax Global Opportunities Fund, but they belong to different classes of shares in the fund.  Abax Global Opportunities Fund has recently undergone some restructuring, which requires the re-allocation of the Forgiveness of Debt amount between Abax Lotus and Abax Nai Xin.

13.     While the Abax Claims filed against the Debtor aggregate $66,277,235, the APA misstates the aggregate indebtedness amount as $57,435,558.97.  Abax Nai Xin and Abax Lotus believe the re-allocation issue can be resolved by amending the APA to refer to the correct claim amounts (both in the aggregate and between them), and to specify the apportionment of the $53 million Forgiveness of Debt amount between them.  Accordingly, the Trustee has agreed to enter into the Fifth Amendment to modify the Purchase Consideration by apportioning the total Forgiveness of Debt between the Abax entities.  The modification does not reduce the total $53

million Forgiveness of Debt amount, thereby preserving the sale consideration and benefit to the estate. And while the increased total of the Abax Claims also increases the amount of debt not subject to forgiveness from $4,435,558.97 to $13,277,235, the provision of the Sale Approval Order deeming Abax to have waived its right to receive a distribution from the Debtor's estate on account of its claims remains in effect.

### V.    Authority for Relief Requested.

### A.    A Sound Business Reason Exists to Approve the Fifth Amendment.

14.    The Trustee seeks Court approval of the Fifth Amendment as in the best interests of creditors and the estate. The Fifth Amendment represents an attempt to ensure that Abax can fulfill the conditions precedent to closing the APA sale, and pay the Trustee the remaining unpaid portion of the Cash Payment ($125,000.00). And while the Fifth Amendment constitutes a technical modification of the Purchase Consideration in the APA approved by the Court in the Sale Approval Order, it does not reduce the total consideration to be received by the estate. Rather, it merely apportions between Abax Nai Xin and Abax Lotus the same $53 million Forgiveness of Debt consideration provided for in the APA. The Trustee believes that this apportionment might affect the Abax claims filed in the case based on their respective reductions of claims for various Notes and Warrants, but will not affect the estate and other creditors because the Trustee does not anticipate making a distribution on those claims while the estate is administratively insolvent. Approval of the Fifth Amendment, however, will give the Parties to the APA the best chance of consummating the sale of the Equity Interest, which is demonstrably the best way to maximize the value of that asset. If the proposed amendment is not approved, the Trustee may be forced to abandon the Equity Interest to avoid further encumbering the estate with the enormous expenditures of time and money that would be required to liquidate it. The

Trustee has demonstrated facts that support a finding that a sound business reason exists for the approval of this transaction.

15.     A trustee's business judgment "enjoys great judicial deference" subject only to ensuring the trustee has performed the duties required of a trustee under Bankruptcy Code § 704, and has acted to avoid undue risk.  *In re Bakalis*, 220 B.R. 525, 531-532 (Bankr. E.D.N.Y. 1998).  The court in the *Bakalis* case approved the trustee's business judgment in selecting an auction bid for an asset of the estate that was monetarily lower than another bid, finding:

> This Court finds no cogent reason to disagree or interfere with the Trustee's judgment. The Trustee concluded that the Holdings bid was the most advantageous to the estate, basing his decision on a totality of relevant considerations, including the dollar amount offered. The Trustee carefully weighed the competing bids rather than mechanistically recommending the facially higher bid. Not only has the Trustee used reasonable business judgment in selecting the Holdings bid, he convincingly articulated the reasons for recommending the bid of Holdings and supported his reasoning at the subsequent evidentiary hearings. A bankruptcy trustee is a conservator of the estate and must, to the extent possible, be risk averse. The Trustee declined the temptation of jeopardizing virtually assured benefits by supporting a bid that exposes the estate to a much greater risk of, among other things, a failed closing and the associated chance of being left with a devalued asset. Accordingly, the Court ratifies the Trustee's recommendation and approves the sale to Holdings.

*In re Bakalis*, 220 B.R. at 532.

16.     Similarly in this case, the Trustee has been forced to make the most prudent

decision to maximize the value of the Equity Interest for creditors while minimizing the costs and risks and the potential harm and liability that might occur from any additional undue delay under the existing circumstances. Approving the Fifth Amendment to the APA as requested will allow Abax to proceed with its efforts to fulfill the closing conditions and benefit the estate by closing the sale as promptly as possible.

17.     In addition, the Trustee respectfully submits this Court has ample authority to issue an Order approving the Fifth Amendment in aid of implementing the Sale Approval Order. Bankruptcy Code § 105(a) authorizes bankruptcy courts to issue any order that is necessary or appropriate to enforce to carry out the provisions of title 11 or to implement their prior orders. 11 U.S.C. § 105(a). Further, section 151 of title 28, United States Code, authorizes bankruptcy judges to exercise the authority conferred under chapter 6 of title 28 with respect to any action, suit or proceeding. 28 U.S.C. § 151. Specifically with respect to orders affecting estate assets, 28 U.S.C. §§ 157(a) and 1334(e), and the *Amended Standing Order of Reference* of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.), grant this Court exclusive jurisdiction of all the property, wherever located, of the Debtor as of the Petition Date, and of property of the estate. Since the Court has already entered the Sale Approval Order authorizing the Trustee to sell the Equity Interest, it unquestionably may enter the proposed Order approving the Fifth Amendment to permit the Trustee to close the transaction.

**B.     Notice.**

18.     This Motion is made on 14 days' notice as permitted by Local Bankruptcy Rule 9006-1(b). The Trustee will serve notice of presentment of the Fifth Amendment and the proposed Order approving it by regular mail, electronic mail, facsimile, or the Court's CM/ECF

system upon the following parties: (i) the Office of the U.S. Trustee, (ii) counsel for the Debtor, (iii) Shaanxi, (iv) Abax, (v) all taxing authorities, (vi) all creditors, and (vii) parties filing notices of appearance.

19.    The Trustee submits that the foregoing notice fully complies with the requirements set forth in Local Bankruptcy Rule 9006-1(b) and applicable Federal Rules of Bankruptcy Procedure.  The Trustee respectfully submits that such notice is reasonable, adequate and sufficient and satisfies the applicable Bankruptcy Rules and Local Bankruptcy Rules.

### VI.    No Prior Request; Conclusion.

20.    No prior motion for the relief sought herein has been made to this or any other court, except as otherwise described above.

**WHEREFORE**, the Trustee requests that the Court enter the proposed Order substantially in the form attached as **Exhibit "C"** granting this Motion and such other and further relief as is just.

Dated: New York, New York
        January 30, 2019

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Trustee*


By:    */s/ Leslie S. Barr*_____
        Leslie S. Barr (lbarr@windelsmarx.com)
        156 West 56th Street
        New York, New York 10019
        Tel. (212) 237-1000 / Fax. (212) 262-1215

# Index of Exhibits to Motion

Exhibit A                           Fifth Amendment

Exhibit B                           Asset Purchase Agreement

Exhibit C                           Proposed Order